*917 EMILIO M. GARZA, Circuit Judge,
specially concurring:
I concur in the majority opinion but write separately to voice concern that Kitchens was wrongly decided. Under both of Schad’s inquiries — statutory construction of Texas’s capital murder statute and due process — the specific felony offense elevating murder to capital murder is a separate element of the crime of capital murder, not, as the Texas Court of Criminal Appeals has held, a “differing method! ] of committing one offense.” Kitchens v. Texas, 823 S.W.2d 256, 258 (Tex.Crim.App.1991); see Tex. Penal Code Ann. § 19.03(a)(2) (Vernon 1998) (amended 2003).
The distinction between the elements of a crime and the means of committing an element of a crime is often less than clear, but Texas’s capital murder statute is straightforward. To commit capital murder, a defendant must not only have the requisite actus reas and mens rea of murder, but he also must commit a felony that is, in and of itself, a separate crime, which comes with its own actus reas and mens rea requirements. See, e.g., Tex. Penal Code Ann. § 20.03(a) (kidnaping); Id. § 29.02(a) (robbery); Id. § 22.021(a) (aggravated sexual assault). The act of committing kidnaping, or robbery, or aggravated sexual assault is not an alternate means by which one commits capital murder. Means are “preliminary factual issues which underlie the verdict,” Schad v. Arizona, 501 U.S. 624, 631-32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (internal quotations omitted), and consist of alternate theories in the commission of an element of the offense — for example, using a gun versus using a knife in committing aggravated sexual assault. The mens rea element can also be established by various means, for example, committing murder that is premeditated or an act of passion. Here, however, the underlying felony offense is a separate crime in and of itself, which, if its elements are proved beyond a reasonable doubt, elevates murder to capital murder and hence is an element of the crime of capital murder. Cf. Richardson v. United States, 526 U.S. 813, 817-19, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999); Apprendi v. New Jersey, 530 U.S. 466, 496, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (“[T]he fact that New Jersey ... has also made precisely the same conduct the subject of an independent substantive offense” is probative as to whether the conduct is an element of the crime). I concur in denying COA because we are required under Schad to defer to Texas’s own interpretation of its capital murder statute.
Moreover, although I agree with the majority that Manns waived any argument under Schad’s second prong that Texas’s definition of capital murder, as construed by the Texas Court of Criminal Appeals, violates due process, I am not confident that Kitchens can survive a due process analysis. For one, proving the specific underlying felony offense as a separate element of the crime makes a difference where, as here, the Government introduced evidence that the defendant committed more than one felony offense. By combining alternative theories of guilt, the prosecutor may have managed to convict Manns without proving beyond a reasonable doubt all of the elements of any one theory to a constitutionally adequate number of jurors. See Richardson, 526 U.S. at 819, 119 S.Ct. 1707 (expressing concern with “increas[ing] the likelihood that treating violations simply as alternative means, by permitting a jury to avoid discussion of the specific factual details of each violation, will cover up wide disagreement among the jurors about just what the defendant did, or did not, do.”). Moreover, Kitchens does not construe the elements of capital murder to that level of specificity required by the Constitution. See Schad, 501 U.S. *918 at 632-33, 111 S.Ct. 2491 (“require[ing] proof some specific illegal conduct”). “[N]othing in our history suggests that the Due Process Clause would permit a state to convict anyone under a charge of ‘Crime’ so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction.” See Schad, 501 U.S. at 634, 111 S.Ct. 2491. I fear that, under Kitchens, Texas’s capital murder statute, by allowing a combination of jury findings of kidnaping, robbery, or sexual assault, may be such an unconstitutional crime.